UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES RAY BAILEY, § | | |
| TDCJ #01486071, § | | |
| § | | |
| Petitioner, § | | |
| VS. § | CIVIL ACTION NO. 3:18-0391 | |
| § | | |
| LORIE DAVIS, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Charles Ray Bailey is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding (Dkt. 1). Respondent has filed an answer (Dkt. 11) and a copy of the state court records (Dkt. 12). Petitioner did not file a reply to the answer, but has filed a motion for discovery (Dkt. 8). Having now considered the petition, the answer, all matters of record, and the applicable legal authorities, the Court determines that the petition should be **dismissed**.

### I.  BACKGROUND

Bailey is serving a life sentence for capital murder, Case Number 956856, 176th District Court of Harris County. His petition does not challenge his conviction or sentence. Rather, he seeks relief from a conviction for fighting without a weapon at the Clemens Unit on July 23, 2018, in disciplinary case number 20180304925 (Dkt. 12-2, at 3; Dkt. 1, at 5). TDCJ held a disciplinary hearing and Respondent has submitted the hearing's written

records (Dkt. 12-2) and audio recording (Dkt. 12-3). At the hearing, Bailey was convicted and punished by forty-five days recreation restriction, forty-five days commissary restriction, forty-five days cell restriction, forty-five days offender telephone use restriction, and reduction in line class from S3 to L1, but he did not lose good-time days (Dkt. 12-2, at 3). He unsuccessfully appealed the conviction through TDCJ's two-step administrative grievance procedure (Dkt. 12-1). Bailey acknowledges that he is not eligible for release on mandatory supervision and that he did not lose good-time days (Dkt. 1, at 5).

## II.  PRISON DISCIPLINARY PROCEEDINGS

As a preliminary matter, this Court may hear Bailey's petition because, at the time he filed his petition, he was incarcerated at the Clemens Unit in Brazoria County, which is within the boundaries of the Galveston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(1); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

Bailey claims in his petition that he was denied due process during the disciplinary proceedings and that racial disparities in TDCJ discipline violate his rights under the Equal Protection Clause.

### A.  Due Process

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations

are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Driggers v. Cruz*, 740 F.3d 333, 338 (5th Cir. 2014). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

In this case, Bailey's life sentence renders him ineligible for release on mandatory supervision. *See Arnold v. Cockrell*, 306 F.3d 277, 279 & n.7 (5th Cir. 2002) (citing *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001)). Moreover, his disciplinary conviction did not result in any lost good-time credits. He therefore fails to demonstrate a due process violation. *See Malchi*, 211 F.3d at 957-58. Although Bailey's disciplinary conviction resulted in a sanctions affecting his privileges, such as those for recreation or commissary, the Fifth Circuit has held that such sanctions are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Bailey's due process claim will be dismissed.

### B. Equal Protection

Bailey claims that his right to equal protection of the laws was violated during the disciplinary hearing process because of "racial disparities in discipline" (Dkt. 1, at 6). He

alleges that he was disciplined for a fight with a white inmate and that he, a black male, received the maximum disciplinary sanction while the white inmate received "light or no sanctions for the same offense" (*id.*). He seeks injunctive relief ordering an audit of statistical disparities, among other relief (*id.* at 7).

Respondent argues that Bailey failed to exhaust his equal protection claim during administrative grievance procedures. The Court need not address the exhaustion issue because the claim fails on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Section 2254 authorizes a habeas petition on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see* 28 U.S.C. § 2241(c)(3). The federal habeas corpus statutes provide an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973) (clarifying the scope of federal habeas review). "Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement." *Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017). *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core" of habeas corpus and must be pursued in a civil rights suit).

In this case, Bailey's allegations regarding discriminatory discipline do not challenge the fact or duration of his imprisonment and, even if Bailey were granted expungement of the disciplinary conviction he challenges, he would not be entitled to immediate or speedier release from confinement. Therefore, his claims are not actionable in a habeas corpus petition under § 2254. *See Poree*, 866 F.3d at 242-43.

Bailey's equal protection claim will be dismissed.

III. **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is

based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition filed by Charles Ray Bailey (Dkt. 1) is **DISMISSED** with prejudice.

2. Petitioner's motion for discovery (Dkt. 8) is **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____September 13_____, 2019.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE